UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANABELA BENTZINGER,**<br><br>Plaintiff,<br>v.<br><br>**BLUEGREEN VACATIONS UNLIMITED, INC.,**<br><br>Defendant. | Civil Case No.: 18-cv-02577<br><br>**COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed dozens of autodialed calls to Plaintiff's cellular telephone number in an attempt to sell timeshares to Plaintiff.

3. While Plaintiff initially signed up for one of Defendant', Plaintiff, to the best of her knowledge, never provided Defendant with prior express written consent to make these telephone calls.

4. Furthermore, Plaintiff expressly and repeatedly told Defendant to stop calling, but it continued to call.

5. Plaintiff's telephone number has been on the national "Do Not Call" registry since April 12, 2009.

6. Accordingly, Defendant's phone calls violated two separate provisions of the TCPA.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action

arises under the TCPA, which is a federal statute.

8. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and because Defendant directed its wrongful conduct at this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## PARTIES

10. Plaintiff is a citizen and resident of Ringoes, New Jersey.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant Bluegreen Vacations Unlimited, Inc. ("Defendant" or "Bluegreen") is, and at all times mentioned herein was, a Florida limited liability company with its principle place of business located at 4960 Conference Way North, Suite 100, Boca Raton, Florida 33341.

13. Defendant Bluegreen is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

14. In or about 2011, Defendant offered a promotion through which persons could get three trips or cruises for $500, so long as they sat through an hour-long timeshare sale presentation on the first of these trips.

15. Plaintiff signed up for this promotion but was unable to attend.

16. Shortly thereafter, Defendant began placing telephone calls to Plaintiff's cellular telephone number, number ending in 3347, the purpose of which was to get Plaintiff to Florida to listen to the timeshare sale presentation.

17. Plaintiff repeatedly told Defendant that she would be unable to attend.

18. Eventually, Plaintiff inquired further into the logistics of attending the meeting, but was told that Defendant would require an additional $120.

19. Plaintiff declined to schedule anything at that time, and made clear that she was not interested in scheduling anything at any point then or in the future.

20. Defendant continued to call.

21. Plaintiff grew increasingly irate at these calls and repeatedly told Defendant to delete her number, to delete her account, to stop calling, to leave her alone, and various other requests to the same effect.

22. Despite these requests, Defendant continued to call.

23. All of Defendant's calls were made to sell Plaintiff a timeshare, and to set up an appointment at which Plaintiff could be pitched on timeshares, or to encourage her to sign up for a new promotion (which also had, as its end goal, selling a timeshare).

24. All of the calls calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. This is evidenced by the volume of the calls and the inability to stop the calls.

26. This is further evidenced by the calls Plaintiff answered, as on at least some of the calls, there was an unnatural pause before Defendant's agent responded to Plaintiff's "hello."

27. This is further evidenced by the fact that Defendant's calls would come from different telephone numbers spoofed to appear as local numbers – behavior commonly (if not exclusively) seen in conjunction with automatic telephone dialing systems.

28. This is further evidenced by the fact that Defendant has registered its dialing system as an automatic telephone dialing system with the Public Utility Commission of Texas.

29. To the best of Plaintiff's knowledge, Plaintiff never gave Defendant prior express written consent to make these autodialed calls to her cellular telephone.

30. "Prior express written consent" is specifically defined by statute as:

> [A]n agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 CFR § 64.1200(f)(8).

31. Specifically, this requires any written agreement to have a "clear and conspicuous" disclosure informing the person signing that "such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice[.]" 47 CFR § 64.1200(f)(8)(i)(A).

32. "Clear and conspicuous", in turn, is defined as "notice that would be apparent to a reasonable consumer, separate and distinguishable from the advertising copy or other disclosures." 47 CFR § 64.1200(f)(3).

33. Defendant provided no such notice to Plaintiff and thus did not obtain prior express written consent.

34. Even if Defendant had obtained prior express written consent, Plaintiff specifically asked Defendant clearly and on several occasions to stop calling, or words to that effect, to no avail.

35. Nonetheless, despite not having consent in the first place *and* despite Plaintiff's revocation, Defendant continued to call.

36. Defendant's actions in making telemarketing telephone calls using an automatic telephone dialing system to Plaintiff's cellular telephone without obtaining prior express written consent and after any such consent it may have believed it had was revoked, violate 47 U.S.C. § 227(b).

37. Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition and continued to do so after being asked to stop, which Defendant either ignored, or did not record.

38. Plaintiff has suffered concrete harm as a result of Defendant's telephone calls, including, but not limited to, tying up her telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of her privacy by calls continuing after she asked Defendant to stop calling, nuisance, serious frustration, and considerable mental anguish.

39. These forms of concrete harm are sufficient for Article III standing purposes.

40. Plaintiff is entitled to statutory damages and injunctive relief for these violations of the TCPA.

41. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

42. In addition, Plaintiff's telephone number has been on the national "Do Not Call" registry since April 12, 2009.

43. When Plaintiff requested that Defendant stop calling and told Defendant to delete her account and number, Plaintiff terminated any business relationship with Defendant.

44. Defendant's subsequent telemarketing calls therefore were made in violation of the prohibition in the TCPA against calling persons on the national "Do Not Call" list.

45. Plaintiff received more than one calls in a 12-month period after she terminated her

relationship with Defendant.

46. Plaintiff is separately entitled to an additional $500 to $1500 per call for violations of 47 U.S.C. § 227(c).

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Defendant placed calls to Plaintiff's telephone number without prior express consent, and after Plaintiff asked Defendant to stop.

49. Plaintiff's telephone number is assigned to a cellular telephone service.

50. As alleged, these calls all used an "automatic telephone dialing system."

51. As alleged, these calls used a prerecorded or artificial voice.

52. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

53. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. Defendant placed telemarketing calls to Plaintiff's telephone number.

57. Plaintiff's telephone number has been on the national "Do Not Call" registry since April 12, 2009.

58. Defendant continued to place calls after being asked to stop and after Plaintiff terminated any business relationship Defendant believed it had with Plaintiff.

59. Plaintiff received more than one call in a 12-month period from Defendant after this relationship was terminated.

60. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(c)(5).

61. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anabela Bentzinger prays for the following relief:

A. An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages;

D. An award of treble damages;

E. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** February 23, 2018                                  */s/ Jeremy M. Glapion*_____
                                                              Jeremy M. Glapion
                                                              **THE GLAPION LAW FIRM, LLC**
                                                              1704 Maxwell Drive
                                                              Wall, New Jersey 07719
                                                              Tel: 732.455.9737
                                                              Fax: 732.709.5150
                                                              jmg@glapionlaw.com